UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, ELSEVIER, INC., JOHN WILEY & SONS, INC., CENGAGE LEARNING, INC., and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> - against - <br><br> FARUKH KHAN, JOONWON PARK, JEONG HYUN CHU, MASUD KARIM, MD, RABIUL ISLAM and DOES 1-10 d/b/a www.testbanksolution.com, www.testbankpdfdownload.com, www.testbankonline.com, www.testbankcart.com, www.digitaltestbank.com, www.testbank007.com, www.solutionmanualcenter.com, www.testbankofficial.com, and www.solutionmanualonline.com, <br><br> Defendants. | **ORDER** <br><br> 16 Civ. 9030 (PGG) (DCF) |

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiffs – five of the largest higher-education publishing companies in the United States – bring this action to recover damages for Defendants' infringement of Plaintiffs' copyrights in certain educational materials. (Cmplt. (Dkt. No. 1)) On June 22, 2018, this Court entered an Order of Default against Defendants and Permanent Injunction (Dkt. No. 27) and referred this case to Magistrate Judge Debra C. Freeman for an inquest into damages (Dkt. No. 28). On July 30, 2018, this Court entered an Amended Order of Default against Defendants and Permanent Injunction (Dkt. No. 31). Judge Freeman issued a Report and Recommendation ("R&R") in which she recommends that Plaintiffs be awarded statutory damages against

Defendants jointly and severally, in the amount of $100,000 for each of the 61 works at issue, for a total damages award of $6.1 million. (R&R (Dkt. No. 33) at 2) Although Plaintiffs also request post-judgment interest, "the amount of any such interest would be dictated by statute, see 28 U.S.C. § 1961, and need not be provided for in the judgment itself." (Id. at 16 n.4) For the reasons stated below, the R&R will be adopted in its entirety.

## BACKGROUND

**I.     FACTS[1]**

Plaintiffs are higher-education publishing companies that publish various educational materials, including college textbooks and corresponding instructor solutions

---

[1] The parties have not objected to Judge Freeman's recitation of the alleged facts. Accordingly, the Court adopts her account of the facts in full. See Silverman v. 3D Total Solutions, Inc., No. 18 CIV. 10231 (AT), 2020 WL 1285049 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section. . . ."). Given Defendants' default, these facts are assumed to be true. Idir v. La Calle TV, LLC, No. 19-CV-6251 (JGK), 2020 WL 4016425, at *2 (S.D.N.Y. July 15, 2020) ("In the event of a defendant's default, the plaintiff's properly pleaded allegations in the complaint, except those related to damages, are accepted as true."); see also City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an 'ancient common law axiom' that a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint.") (quoting Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004)); Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) ("In light of [defendant's] default, a court is required to accept all . . . factual allegations as true and draw all reasonable inferences in [plaintiff's] favor.") (citation omitted). The facts, as recited in the R&R, are taken from Plaintiffs' Proposed Findings of Fact and Conclusions of Law (Dkt. No. 32-1) ("Proposed Findings"), which rely on the Complaint, as well as declarations submitted by employee representatives of each of the Plaintiffs and by Plaintiffs' counsel, and the exhibits thereto. (R&R (Dkt. No. 33) at 2; see also Morris Decl. (Dkt. No. 6); Murphy Decl. (Dkt. No. 7); Rosenthal Decl. (Dkt. No. 8); Stitt Decl. (Dkt. No. 9); Tardif Decl. (Dkt. No. 10) (collectively the "Publishers' Declarations" or "Publishers' Decls."); First Lichtman Decl. (Dkt. No. 5); Second Lichtman Decl. (Dkt. No. 24)) "The declarations submitted by Plaintiffs' employees are generally identical to one another, both in content and in paragraph ordering, except for the names of the respective plaintiffs and the materials that were subject to the alleged copyright infringement. For this reason, this Court will, at times, where it references common factual statements made in the declarations, cite to those declarations collectively." (R&R (Dkt. No. 33) at 3 n.1)

manuals and test banks.  (Id. at 3 (citing Cmplt. (Dkt. No. 1) ¶ 1; Publishers' Decls. ¶ 5; Proposed Findings ¶ 13)  On June 22, 2018, this Court found that the allegations in the Complaint were sufficient to establish that all of the works identified in Exhibit A to the Complaint ("Exhibit A") are protected by Plaintiffs' registered copyrights.  (Order of Default (Dkt. No. 26) at 11; see also Cmplt. (Dkt. No. 1) ¶ 19; Cmplt., Ex. A (Dkt. No. 1-1))

> Plaintiffs allege that Defendants own, control, and operate several illegal online websites and forums to create, store, and sell unauthorized digital copies of Plaintiffs' works.  (Compl. ¶¶ 23, 26; Second Lichtman Decl. ¶ 2; Proposed Findings ¶ 18). . . . Defendants have employed various evasive means to maintain their illegal business, including operating the websites under various names and aliases (Compl. ¶ 25; First Lichtman Decl. ¶ 3); using multiple email addresses (Compl. ¶ 24; First Lichtman Decl. ¶ 5); employing overlapping networks of Pay Pal accounts to accept customer payments (First Lichtman Decl. ¶ 8); and registering multiple domain names with corresponding websites having identical or duplicative content, in order to avoid interruption in the event any single website were to be is shut down (Compl. ¶ 39).
>
> Plaintiffs allege that, prior to bringing suit, they made test purchases and downloaded multiple samples from Defendants' websites, confirming that Defendants were selling to customers complete digital copies of Plaintiffs' works, without compensating Plaintiffs and in violation of Plaintiffs' copyrights. (Compl. ¶¶ 26, 33, 36; First Lichtman Decl. ¶ 13; Proposed Findings ¶ 18.)  Plaintiffs further allege that, as reflected in the "FAQ" section of Defendants' websites, Defendants provide one or more free sample chapters for test banks to their customers.  (Compl. ¶ 30; First Lichtman Decl. ¶ 15; Proposed Findings ¶ 24.) Plaintiffs claim that the infringing websites' inventories collectively "total tens of thousands of unauthorized digital copies of Plaintiffs' and other publishers' works."  (Compl. ¶ 32.)

(R&R (Dkt. No. 33) at 3-4)

## II.     PROCEDURAL HISTORY

The Complaint was filed on November 21, 2016.  (Cmplt. (Dkt. No. 1))  That same day, this Court issued a temporary restraining order enjoining Defendants from, inter alia, "infringing any copyrighted work that is owned or controlled by any of Plaintiffs," and ordered Defendants to show cause why a preliminary injunction should not be entered against them. (Nov. 21, 2016 Order (Dkt. No. 3))  A show cause hearing was set for December 1, 2016 (id.);

the hearing was adjourned to December 5, 2016 (Dkt. No. 14).  Defendants did not respond to the Order to Show Cause and did not appear for the December 5, 2016 hearing.  Accordingly, this Court entered a preliminary injunction against Defendants that, inter alia, (1) enjoined Defendants from "infringing any copyrighted work that is owned or controlled by any of Plaintiffs"; (2) enjoined Defendants from transferring ownership and control of the websites and domain names associated with those websites; and (3) directed Defendants, and all those acting in concert or participation with any of them, to "immediately locate all accounts connected to any of Defendants or Defendants' Sites and immediately cease transferring or disposing of any money or other assets residing in such accounts," including all bank, credit, PayPal, or other financial accounts connected to the websites.  (Preliminary Injunction (Dkt. No. 15); see also R&R (Dkt. No. 33) at 4-5)

On February 27, 2017, Plaintiffs moved for default against Defendants for failure to appear or otherwise respond to the Complaint.  (Dkt. No. 19)  The Clerk of Court issued a certificate of default on February 28, 2017 (Dkt. No. 21); this Court issued a second Order to Show Cause on June 8, 2018.  (Dkt. No. 22)  Defendants were served with the order to show cause the same day.  (Aff. of Service (Dkt. No. 25))  A show cause hearing was held on June 22, 2018.  Defendants did not respond to the Order to Show Cause or appear at the June 22, 2018 hearing.  (June 22, 2018 order (Dkt. No. 26))  Consequently, on June 22, 2018, this Court issued an Order of Default and Permanent Injunction against Defendants, which found each Defendant liable for "willful copyright infringement under federal law."  (Dkt. No. 27)

In an Amended Order of Default and Permanent Injunction issued on July 30, 2018, this Court confirmed that each Defendant was "liable for willful copyright infringement

4

under federal law," including through the websites that Plaintiffs had identified at that time,[2] and directed that the Court's order, including the permanent injunction, be entered against each defendant "jointly and severally." (July 30, 2018 order (Dkt. No. 31) at 1-2)

The Amended Order also referred the case to Magistrate Judge Freeman for an inquest into damages. (Id. at 4; see also Order Referring Case to Magistrate Judge (Dkt. No. 28)) On July 24, 2018, Judge Freeman issued a Scheduling Order for a Damages Inquest. (Dkt. No. 29) Plaintiffs' counsel submitted Proposed Findings on August 23, 2018. (Dkt. No. 32) Defendants did not file Proposed Findings nor did they file any response to Plaintiffs' submission.

On July 2, 2019, Judge Freeman issued a 17-page R&R in which she recommends awarding Plaintiffs statutory damages against Defendants jointly and severally in the amount of $100,000 for each of the 61 works at issue, for a total damages award of $6.1 million. (R&R (Dkt. No. 33) at 2) The R&R notifies the parties that they have 14 days to file any objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). (Id. at 16) The R&R further states that "[f]ailure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review." (Id. (emphasis omitted)) No party has filed objections to the R&R.

### DISCUSSION

### I. LEGAL STANDARD

In reviewing a report and recommendation, a district court "may accept, reject, or

---

[2] Plaintiffs identified nine websites alleged to have been maintained by Defendants for purposes of selling unauthorized copies of Plaintiffs' works in the Complaint. (Cmplt. (Dkt. No. 1) ¶ 23) Plaintiffs subsequently identified ten more such websites. (Second Lichtman Decl. (Dkt. No. 24) ¶ 2)

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no party files objections to a magistrate judge's R&R – despite clear warning that a failure to object will result in a waiver of judicial review – judicial review has been waived.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

## II.  ANALYSIS

Although the parties have waived their right to judicial review, the Court has nonetheless reviewed Judge Freeman's R&R for clear error.  As discussed below, the Court finds no error – clear or otherwise – in Judge Freeman's thorough and well-reasoned R&R.

As Judge Freeman notes, for purposes of liability, "[g]iven Defendants' default, the well-pleaded allegations contained in the Complaint . . . are deemed to be true, except for those allegations relating to damages."  (R&R (Dkt. No. 33) at 2)  "[D]efault is an admission of all well-pleaded allegations against the defaulting party."  Vermont Teddy Bear Co. v. 1-800

Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted).  Although a "default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability," it does not reach the issue of damages.  (R&R (Dkt. No. 33) at 6 (citing Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 854 (2d Cir. 1995) (quoting Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973))))  Plaintiffs must substantiate a claim with evidence to prove the extent of damages.  (Id. (citing Trehan v. Von Tarkanyi, 63 B.R. 1001, 1008 n.12 (S.D.N.Y. 1986); RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L., No. 12cv1369 (LGS) (AJP), 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013) (citations omitted) (the burden is on the plaintiff to "introduce sufficient evidence to establish the amount of damages with reasonable certainty"), report and recommendation adopted, 2013 WL 4505255 (Aug. 23, 2013)))  The Plaintiff is entitled to all reasonable inferences in its favor based on the evidence submitted.  (Id. at 6-7 (citing U.S. ex rel. Nat'l Dev. & Constr. Corp. v. U.S. Envt'l. Universal Servs., Inc., No. 11cv730 (CS), 2014 WL 4652712, at *3 (S.D.N.Y. Sept. 2, 2014) (adopting report and recommendation)))

    While the Court may hold a hearing to assess the amount of damages that should be awarded on default, the Second Circuit has consistently held that Federal Rule of Civil Procedure 55(b)(2) "leaves the decision of whether a hearing is necessary to the discretion of the district court."  (Id. at 7 (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989); accord Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993) (judges are given "much discretion" to determine whether an inquest hearing need be held); Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991) (Fed. R. Civ. P. 55(b)(2) "allows but does not require . . . a hearing" (citations omitted))))

### A. Damages under the Copyright Act

Under the Copyright Act, a plaintiff may elect to recover an award of statutory damages in lieu of actual damages "for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally. . . ." 17 U.S.C. § 504(c)(1). For purposes of § 504(c), "all the parts of a compilation . . . constitute one work." Id.

> In cases of innocent infringement, statutory damages range from $750 to $30,000 per work, "as the court considers just," id., and "are available without proof of [a] plaintiff's actual damages or proof of any damages," Reservoir Media Mgmt., Inc. v. Craze Prods., No. 13cv1847 (GHW), 2015 WL 5692105, at *5 (S.D.N.Y. Sept. 28, 2015) (internal quotation marks and citation omitted). The award may be as high as $150,000 per work, if the court finds that the infringement was willful. 17 U.S.C. § 504(c). Generally, a copyright holder seeking to prove that a copier's infringement was willful must show that the infringer "had knowledge that its conduct represented infringement or . . . recklessly disregarded the possibility." Twin Peaks Prods., Inc. v. Puhl'ns lnt'l, Ltd., 996 F.2d 1366, 1382 (2d Cir. 1993). Where a defendant has defaulted, however, it "is deemed to be a willful infringer by virtue of its default." CJ Prod. LLC v. Your Store Online LLC, No. 11cv9513 (GBD) (AJP), 2012 WL 2856068, at *3 (S.D.N.Y. July 12, 2012), report and recommendation adopted, 2012 WL 4714820 (Oct. 3, 2012).
>
> District courts have broad discretion to set the amount of the award within the statutory limits. Fitzgerald Puhl 'g Co. v. Baylor Puhl 'g Co., 807 F.2d 1110, 1116-17 (2d Cir. 1986); see also Reservoir, 2015 WL 5692105, at *5. When determining the appropriate amount of statutory damages to award for copyright infringement, courts may consider: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010). "Ultimately, the 'statutory damages [award] should bear some relation to actual damages suffered.'" Cengage Learning, Inc. v. Shi, No. 13cv7772 (VSB) (FM) ("Shi"), 2015 WL 5167775, at *4 (S.D.N.Y. Sept. 3, 2015) (quoting Van Der Zee v. Greenidge, No. 03cv8659 (RLE), 2006 WL 44020, at *2 (S.D.N.Y. Jan. 6, 2006)), report and recommendation adopted, 2017 WL 1063463 (Mar. 21, 2017).

(R&R (Dkt. No. 33) at 8)

This Court ruled in its July 30, 2018 order that "each Defendant is liable for

willful copyright infringement under federal law." (Am. Order of Default and Permanent Injunction (Dkt. No. 31) at 1-2) Judge Freeman concluded that Defendants had infringed on Plaintiffs' copyrights in each of the works listed in Exhibit A. (R&R (Dkt. No. 33) at 9) Plaintiffs have submitted declarations demonstrating that each listed work was advertised and sold on one or more of the websites maintained by Defendants. (Id. (citing Publishers' Decls. ¶ 12; id., Ex. 1)) And Plaintiffs' counsel conducted test purchases for each of Plaintiff's copyrighted works; these test purchases demonstrated that Plaintiffs' copyrighted works are in fact sold through Defendants' websites. (See First Lichtman Decl. (Dkt. No. 5) ¶¶ 19-27; Publishers' Decls. (Dkt. Nos. 6-10) ¶¶ 13-14) Accordingly, Plaintiffs have established through well-pleaded allegations and damages submissions that Defendants infringed on Plaintiffs' copyrights in each of the separate works at issue in this case. (See R&R (Dkt. No. 33) at 9)

  **B.**   **Proper Award of Statutory Damages**

Plaintiffs seek $150,000 – the maximum amount of statutory damages – for Defendants' infringement of Plaintiffs' copyrights in each of the 61 copyrighted works. This amounts to a total award of $9.15 million. (Proposed Findings (Dkt. No. 32-1) ¶ 41) After applying the relevant factors as set out in Bryant, 603 F.3d at 144, Judge Freeman found that although a high statutory damages award is appropriate in this case, Plaintiffs' requested amount would be excessive. She recommends that Plaintiffs be awarded $100,000 for each infringed copyright, amounting to a total award of $6.1 million. (R&R (Dkt. No. 33) at 14)

As an initial matter, there is no question here that Defendants' conduct was willful for purposes of determining damages; Defendants' infringements are deemed willful by virtue of their default. (Id. at 10 (citing CJ Prod., 2012 WL 2856068, at *3; see also Rovio Entm't, Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015))) There is also substantial

evidence that Defendants operated their illicit business in such a fashion as to avoid detection, "including through the use of multiple aliases, email addresses, website domain names, and PayPal accounts[,] . . . [which] support[s] a finding that Defendants' infringements were indeed knowing and intentional."  (Id.)  Plaintiffs also report that in communications with Defendants and their representatives, Defendants refused to identify themselves or disclose their locations. Indeed, in one such instance, the speaker stated that he was in a country "that does not respect U.S. copyright law."  (Second Lichtman Decl. (Dkt. No. 24) ¶ 10)  This Court agrees with Judge Freeman that "high damages should be awarded as a deterrent to such conduct by both Defendants and third parties."  (R&R (Dkt. No. 33) at 11)

As Judge Freeman found, however, "the record . . . lacks evidence sufficient to show that [Defendants] enjoyed the type of enormous profit from their infringing activities that would justify statutory damages at the highest possible level."  (Id. at 12)

Plaintiffs allege that $2.2 million passed through PayPal accounts associated with the infringing websites.  (Second Lichtman Decl. (Dkt. No. 24) ¶ 7)  While this evidence suggests that Defendants earned substantial revenue from sales of others' copyrighted materials, this revenue is not probative of how much Defendants earned from the sale of Plaintiff's copyrighted works.  The websites at issue list thousands of works, most of which were not identified by Plaintiffs as theirs.  (R&R (Dkt. No. 33) at 12)  Moreover, Plaintiffs have not submitted evidence of how much revenue they lost as a result of Defendants' infringement, nor have they submitted evidence of how much Defendants saved through using Plaintiffs' content-creation and publishing efforts.  (Id. at 12-13)

Finally, although Plaintiffs contend that "Defendants have continued to infringe Plaintiffs' copyrighted works even after being put on notice of their illegal actions" (Proposed

10

Findings (Dkt. No. 32-1) ¶¶ 40, 28), Plaintiffs have not demonstrated that Defendants continued to infringe Plaintiffs' copyrights after the commencement of this litigation or in violation of any court order.  (R&R (Dkt. No. 33) at 13)  "Courts generally only issue maximum statutory damage awards in situations where an infringer continues infringing activities after being put on notice by a court that its activities may constitute an infringement, or where the plaintiff shows the infringer's high revenue or profit gained through infringement."  CJ Prod., 2012 WL 2856068, at *4 (emphasis omitted).  Here, Plaintiffs' assertions regarding Defendants' continuing acts of infringement, and the extent of Defendants' profits, are largely speculative.  (See R&R (Dkt. No. 33) at 14)  Given these circumstances, this Court agrees that an award of $100,000 per infringed work, rather than Plaintiffs' requested $150,000, is appropriate.  (See id. at 14-15)

## CONCLUSION

For the reasons stated above, Judge Freeman's R&R is adopted in its entirety.  Plaintiffs are awarded total statutory damages of $6.1 million, at a rate of $100,000 for each infringed work.  Defendants are jointly and severally liable.  Although Plaintiffs also request post-judgment interest, "the amount of any such interest . . . [is] dictated by statute, see 28 U.S.C. § 1961, and need not be provided for in the judgment itself."  (Id. at 16 n.4)  The Clerk of Court is directed to enter judgment and to close this case.

Dated: New York, New York
       August 17, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge